## SUPERME COURT.

IN THE MATTER OF THE APPLICATION OF THE PROTESANT EPISCOPAL PUBLIC SCHOOL, to vacate an assessment for Sewers in 79th to 86th Streets, between Avenue A. and 3d Avenue.

The act of 1865, in relation to *sewerage* and *drainage* in the city of New York, does not require, by its terms or spirit that the croton aqueduct board shall lay out the whole city into sewerage districts and file maps thereof, before any sewer or drain can be constructed.

It is evident from the language of sections 4 and 5 of said act, that when the map or plan of sewerage of any district is completed and filed, the croton board may invite proposals for the work contemplated and contract therefor.

Where it appears that a plan of the sewerage of a particular district—which embraces the property of the petitioners, has been adopted by the croton board, and maps thereof filed in the offices named in the statute, except that of the common council; the omission to file a map in the latter' office, is not fatal to the validity of the proceedings in reference to the assessment.

The adoption of a plan and the filing of the maps in the other offices, was a sufficient compliance with the statute of 1865.

The subsequent alteration of the sewerage plan of the district is not available to the petitioners, as the right of the croton board to make such alteration is apparent from the power indirectly conferred by section 4 of said act.

*New York Special Term, September,* 1870.

APPLICATION under the act, chapter 338, laws of 1858, to vacate an assessment for sewers, on the ground that the corporation had failed to comply with the provisions of the act, *(Chap.* 381 *Laws of* 1865,) relative to the making and filing of sewerage district maps.

GENET & PEET, *for petitioners.*

D. J. DEAN, *for the mayor, &c.*

BRADY, J.—The act of 1865, entitled an act in relation to sewerage and drainage in the city of New York, (*Laws,*

1865, *p.* 715,) does not require by its terms or spirit that the croton acqueduct board shall lay out the whole city into sewerage districts, and file maps thereof before any sewer or drain can be constructed. It provides by section 4 that upon the completion of the map or plan for the drainage of any sewerage district, such map or plan shall be the permanent plan for the sewerage of such district, subject, however, to such subsequent modifications as may become necessary in consequence of alterations made in the grade of any street or avenue, or part thereof in such district or otherwise, and by the same section, that copies of such complete plans shall be filed in the office of the common council, the comptroller, street commissioner, and city inspector. By section 5, it also provides that upon the completion of the plan of sewerage of any district, and the filing of the copies thereof, as required by section four already mentioned, or as soon thereafter as may be convenient, the said board shall cause printed specifications to be made in accordance with the plan of the work proposed to be done in such district, and shall invite proposals, &c.

It is evident from the language of these sections, that when the map or plan of sewerage of any district is completed and filed, the croton board may invite proposals for the work contemplated and contract therefor. This view is confirmed by the provisions of section 8 which declares that it shall not be lawful to construct any sewer or drain in the city of New York, unless such sewer or drain shall be in accordance with the general plan devised by the croton board for the sewerage *of the particular district* in which such sewer or drain is proposed to be constructed. The objection, therefore, urged by the petitioners, that it does not appear from maps filed that the whole city has been laid out into sewerage districts, is not sufficient to relieve them from the payment of the assessments imposed.

The omission to file a map in the office of the common council, by which it doubtless meant the office of the clerk

of the common council, is not fatal to the validity of the proceedings, in reference to the assessment, inasmuch as it appears that a plan of the sewerage of the 8th district, and which embraces the property of the petitioners had been adopted by the croton board, and maps thereof filed in the offices named in the statute, except that of the common council.

The adoption of a plan and the filing of the maps in the offices suggested, was a sufficient compliance with the statute of 1865. It would be extending the mandatory spirit of that law in reference to the filing of the maps if mandatory it be, to unreasonable length to hold that the failure to file the map in one of the offices named, should render the proceedings taken in reference to the assessment for draining the district or any part of it invalid, and thus relieving the property holders immediately benefited from all burden, and throw, the expense thereof upon the city. The objection predicated of the omission referred to, is, therefore, overruled.

The subsequent alteration of the sewerage plan of the 8th district is not available to the petitioners. The right of the croton board to make such alteration is apparent from the power indirectly conferred by section 4, and hereinbefore recited.

The plan shown by the map, and adopted is, the permanent plan it is true, but subject to such subsequent modification as may become necessary for any causes. The property of the petitioners is and always has been in the 8th district as laid out and adopted, and is, therefore, subject to taxation for the benefit conferred.

All the objections taken to the assessment are for these reasons untenable in my opinion, and the petitioners are, therefore, entitled to no relief.